BROWN, Judge,
concurring in part and dissenting in part.
I concur with the majority that summary judgment in favor of the Hospital was inappropriate. However, I respectfully dissent as to the majority’s determination that summary judgment in favor of Dr. Kauffman and Family and Women’s Health Services was improperly granted.
There is no designated evidence that Dr. Kauffman was made aware of Katherine Chaffins’ pain at the time she was released from the Hospital. And Plaintiffs’ expert, Dr. Olden, testified that a physician has a right to rely on his nurse to inform him of a patient’s pain. Dr. Olden testified in his deposition that “It is important for the physician to know that his or her patient is leaving the hospital setting free of pain. Now there is no doubt that a physician has a right to trust his or her nurses to inform them of that.” Appellants’ Appendix at 147-148.
Further, even if Dr. Kauffman had earlier observed or been informed that Katherine was in pain, there is no designated evidence to show that had he examined Katherine, the perforation would have been revealed. On this point Dr. Olden testified in his deposition that it would require speculation to conclude that an exam would have revealed the perforation:
Q. Essentially we have to speculate about whether a physical examination at that point in time was going to reveal indications of free air?
A. Yes.
Appellants’ Appendix at 140.
The designated evidence further reveals that Katherine was discharged from the Hospital with instructions to “notify the physician if you have severe abdominal pain.” Appellants’ Appendix at 132. There is no designated evidence to show *715 that the instructions deviated from the standard of care appropriate to Dr. Kauff-man and Family and Women’s Health Services.
For these reasons I would affirm the grant of summary judgment in favor of Dr. Kauffman and Family and Women’s Health Sendees.